**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**PATRICIA JANE EDINGTON** **PLAINTIFF**

**VS.** **3:13-CV-00202-BRW**

**ALEXNADRA JANE EDINGTON SAMMONS and NATHAN SAMMONS** **DEFENDANTS**

# ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 12). Plaintiff has responded.[1] For reasons set forth below, the Motion is DENIED.

## I. BACKGROUND[2]

In 1987, Plaintiff Patricia Edington married to Jerry Edington, Sr, and the couple bought a home in Marion, Arkansas. The couple had one child: Alexandra, a defendant in this case.

In August 2008, the couple bought another home in Jonesboro, Arkansas for Alexandra. According to Patricia, Jerry and Alexandra forced her to join Jerry in buying the Jonesboro home and conveying the Marion home to Alexandra in order to get first-time home buyer tax credit. Patricia, whose health has been deteriorating sine the late 1990s due to multiple sclerosis, reluctantly went along with Alexandra and Jerry's plans. Accordingly, on August 12, 2008, Jerry and Patricia quitclaimed the Marion home to Alexandra for no consideration, and then bought the Jonesboro home for Alexandra with their own funds.

Jerry and Patricia continued to reside in the Marion home, and Alexandra occupied the Jonesboro home. The parties agreed that, if the Marion home was ever sold, Alexandra would

---

[1]Doc. No. 14.

[2]Unless noted otherwise, the facts in this section are taken from Plaintiff's Amended Complaint (Doc. No. 8), which, for purposes of this motion, are deemed true.

turn over the proceeds to Jerry and Patricia and, if the Jonesboro home was ever sold, Alexandra would keep the proceeds.

Additionally, on August 12, 2008, Patricia, at the behest of Jerry and Alexandra, conveyed to Alexandra around 300 acres of farm property in Jackson County, Arkansas. Alexandra gave no consideration for the Jackson County farm; however, the parties agreed that Alexandra would give Patricia all rental income the farm generated, which varied between $12,000 and $18,000 a year.

Jerry passed away in December 2010, but no estate was opened. Sometime later, Alexandra married Nathan Sammons -- the other defendant in this case. Then, on October 12, 2011, the Jonesboro home was sold for $132,000, and Patricia turned the proceeds over to Alexandra as they had agreed.

On March 1, 2012, Alexandra and Nathan sold the Marion home for roughly $200,000. Although the proceeds were suppose to go to Patricia, Alexandra used $70,000 to pay off some of Patricia's debts; paid $19,500 directly to Patricia over a five month period (March 16 and August 15, 2012); and pocketed the remaining $110,500. Also, beginning in 2013, Alexandra refused to give Patricia any more rental income from the Jackson County farm. Alexandra and Nathan did give Patricia a $12,480 check, dated May 30, 2013, for farm rent; however, the check was never honored.

On August 7, 2013, Patricia filed suit against Alexandra and Nathan in the Circuit Court of Crittenden County, Arkansas. At the time Patricia filed suit, she was a citizen of Tennessee, and Defendants were citizens of Missouri. Defendants removed the action to federal court.[3] Patricia then amended her Complaint. The Amended Complaint asserts causes of action for

[3]Doc. No. 1.

fraud, constructive fraud, undue influence, conversion, outrage, tortuous interference with a business expectancy, breach of contract, and unjust enrichment. Patricia seeks to have a constructive trust imposed on the sale proceeds from the Jonesboro and Marion homes. She also seeks to rescind the deed conveying the Jackson County farm to Alexandra.

Alexandra and Nathan have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Patricia's claims are untimely or barred by the statute of frauds.[4]

## II. LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[5] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[6] A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[7] A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[8] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[9] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

[4]Doc. No. 12.

[5]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[6]*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[7]*Schmedding v. Tnemec Co. Inc.*,187 F.3d 862, 864 (8th Cir. 1999).

[8]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[9]*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (overruling language from *Conley v. Gibson,* 78 S. Ct. 99, 102 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]

Under the *Twombly* "plausibility standard," the allegations in Plaintiff's Complaint must be evaluated to determine whether they contain facts sufficient to nudge her claims "across the line from conceivable to plausible."[11]

Additionally, a claim may be dismissed under Rule 12(b)(6) if it is barred by the statute of limitations.[12] Dismissal is warranted when it is apparent "from the face of the complaint" that the claim is untimely.[13]

## III. DISCUSSION

### A. Statute of Limitations

Defendants removed this action to federal court, asserting that this Court has authority to hear the claims under the Court's diversity-of-citizenship jurisdiction. Accordingly, Arkansas's limitations periods govern Plaintiff's claim.[14]

The parties dispute whether Plaintiff's claims are subject to a three- or five-year limitations period and, at what point Plaintiff's causes of action accrued. Under Arkansas law,

---

[10]*Id.* at 1964-65 (citations omitted).

[11]*Id.* at 1974.

[12]See *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

[13]*Varner*, 371 F.3d at 1016.

[14]See *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

actions founded on written contracts are subject to a five-year limitations period.[15] Here, the obligations Plaintiff seeks to enforce are not set forth in writing. The three deeds at issue make no reference to the parties' agreement regarding the sale proceeds or farm rental income, and no other writing to that effect was submitted. Thus, Plaintiff's contract claims are based on oral agreements.

Actions to enforce oral agreements, like Plaintiff's tort-law claims, are subject to a three-year limitations period.[16] For her claims to be timely, she must have filed suit within three years of the date her causes of action accrued.

The law is clear "that a cause of action accrues the moment the right to commence an action comes into being, and the statute of limitations commences to run from that time."[17] Put differently, the statute of limitations begins to run when there is "a complete and present cause of action."[18]

---

[15]*See* Ark. Code Ann. § 16-15-111.

[16]*See* Ark. Code Ann. § 16-56-105 (Three year limitations period applies to "[a]ll actions founded upon any contract, obligation, or liability not under seal and not in writing . . . ; [a]ll actions for arrearages of rent not reserved by some instrument in writing, under seal; [a]ll actions founded on any contract or liability, expressed or implied; . . . and [a]ll actions for taking or injuring any goods or chattels."); see also *Jackson v. Smith*, 2010 Ark. App. 681, at *9 (2010) (conversion claim subject to three-year limitations period); *Gunn v. Farmers Ins. Exch.*, 2010 Ark. 434, at *7-8 (2010) (claim for tortious interference with business expectancy subject to three-year limitations period); *Beam v. Monsanto Co., Inc*, 259 Ark. 253, 262 (1976) (fraud claim subject to three-year limitations period); *McQuay v. Guntharp, M.D.,* 331 Ark. 466, 476 (1998) (claim for outrage subject to three-year limitations period); *Zufari v. Architecture Plus*, 323 Ark. 411, 418-419 (1996) (breach of oral-contract claim subject to three-year limitations period); *Roach Mfg. Corp. v. Northstar Indus., Inc.*, 630 F. Supp. 2d 1004 (E.D. Ar. 2009) (unjust enrichment claim subject to three-year limitations period).

[17]*Gunn*, 2010 Ark. at 434 (citing *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 365 Ark. 106, 109 (2006)).

[18] *Shelnutt v. Laird*, 359 Ark. 516, 520-21 (2004).

Plaintiff's claims based on the oral agreement regarding Marion and Jonesboro homes, at the earliest, accrued sometime after the Marion home was sold, when Defendants refused to give the sale proceeds to Plaintiff. It is unclear when Defendants refused to do so but, at any rate, it couldn't be earlier than March 1, 2012 -- when the Marion home was sold. Accordingly, her claims based on this agreement are timely.

Plaintiff's claims about the Jackson County farm accrued sometime after May 30, 2013 -- the date of the last check Defendants issued to Plaintiff for the farm rent. When the check was not honored, Plaintiff had the right to bring suit. Accordingly, the Complaint filed on August 7, 2013, was filed within the three-year statute of limitations and is not time-barred.

**B. Statute of Frauds**

Defendants argue that the agreements are unenforceable under the statute of frauds because they involve interests in land, are for an indefinite length of time, cannot be performed within a year, and are not in writing.[19] The statute of frauds applies to agreements that cannot be performed within a year,[20] and to agreements for the sale of land.[21] However, it is settled that "an oral agreement can be taken out of the statue of frauds if the making of the oral agreement and its performance is proven by clear and convincing evidence."[22]

Taking the Amended Complaint's allegations as true and viewing the facts most favorable to Plaintiff, there is sufficient performance to take the agreements out of the statute of

---

[19]Doc. No. 13.

[20]See *Country Corner Food & Drug, Inc. v. Reiss*, 22 Ark. App. 222, 225 (1987).

[21]See *Betnar v. Rose*, 259 Ark. 820 (1976).

[22]*Cobb v. Leyendecker*, 89 Ark. App. 167, 170 (2005); see also *Talley v. Blackmon*, 271 Ark. 494 (1980) (holding that full performance by one party in extending a loan and part performance on the part of the other party by making payments on a loan operated to take the oral agreement out of the statute of frauds).

frauds. Plaintiff fully performed by conveying the Marion home and Jackson County farm to her daughter, purchasing the Jonesboro home in her name, and turning over the sale proceeds of the Jonesboro home to her daughter. Defendants partially performed by accepting title to the Marion home and Jackson County farm, accepting the sale proceeds from the Jonesboro home, and paying Plaintiff the farm rental income from 2008 through 2012. Accordingly, Defendants have failed show that the statute of frauds renders either agreement unenforceable.

## CONCLUSION

Since Defendants failed to show that Plaintiff's claims are barred by the statute of limitations or the statute of frauds, the Motion to Dismiss (Doc. No. 12) is DENIED.

IT IS SO ORDERED this 13th day of November, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE