UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 W. CAPITOL, ROOM A403
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**July 10, 2014**

Mr. Marc I. Baretz
Law Office of Marc Baretz
P.O. Box 1107
West Memphis, AR 72301

Mr. Wendell L. Hoskins, II
Mr. Christopher Michael McMillin
Law Office of Wendell L. Hoskins, II
P.O. Box 1115
Caruthersville, MO 63830

Re: *Edington v. Sammons*, No. 3:13-CV-00202-BRW

Dear Counsel:

The presumptive time limits for Plaintiff's witnesses are:

1. **Patricia Edington:** 60 minutes for direct; 30 minutes for cross.

2. **Alexandra Sammons:** 45 minutes for direct; 20 minutes for cross. (Defendant will be limited to cross only on the matters covered on direct.)

3. **Nathan Sammons:** 15 minutes for direct; 15 minutes for cross. (Defendant will be limited to cross only on the matters covered on direct.)

4. **Kim Edington:** 15 minutes for direct; 10 minutes for cross. (Defendant will be limited to cross only on the matters covered on direct and credibility.)

5. **Maghen Simmons:** 15 minutes for direct; 10 minutes for cross. (What is the relevance?)

6. **Sanda Green:** 15 minutes for direct; 10 minutes for cross. (Defendant will be limited to cross only on the matters covered on direct and credibility.)

7. **Bill Ball:** 15 minutes for direct; 10 minutes for cross.

8. **Crittenden County Clerk:** 5 minutes for direct, 5 minutes for cross (What is the relevance? Will a stipulation do?)

9. **Jackson County Clerk:** 5 minutes for direct, 5 minutes for cross. (What is the relevance? Will a stipulation do?)

10. **Dr. Mervat Wahba:** I do not see the relevance of this testimony and it will be excluded absent some showing of relevance.

11. **Ryan Shelton:** 10 minutes for direct, 10 minutes for cross. (What is the relevance?)

12. **Tim Johnson:** 20 minutes for direct, 5 minutes for cross. (What is the relevance?)

13. **Greg Griffin:** I seriously doubt relevance.

14. **Jared Laugfield:** Why does Defendant project cross when Mr. Laughfield is not listed on Plaintiff's amended list?

The presumptive time limits for Defendant's witness are:

1. **Alexandra Sammons:** 60 minutes for direct; 30 minutes for cross. (Plaintiff will be limited to cross only on the matters covered on direct and credibility.)

2. **Nathan Sammons:** 15 minutes for direct; 15 minutes for cross. (Plaintiff will be limited to cross only on the matters covered on direct and credibility.)

3. **Kim Edington:** 15 minutes for direct; 10 minutes for cross. (Plaintiff will be limited to cross only on the matters covered on direct and credibility.)

4. **Debbie Edington:** What is relevance?

5. **Mike Morgan:** 15 minutes for direct; 5 minutes for cross.

6. **Sanda Greene:** 15 minutes for direct; 15 minutes for cross. (Plaintiff will be limited to cross only on the matters covered on direct and credibility.)

It appears from the depositions that Ms. Edington has a strong tendency to digress. She should be advised to give short, plain answers. I do not like to call a witness down in front of a jury, but will do so if necessary. This is true of all witnesses, but I single Ms. Edington out because of the extensive digression she demonstrated during her depositions.

Direct examination should be simple and to the point covering only the essential matters. Direct is not a deposition. For example, it would not be pertinent for someone to testify that Mr. Edington was a bookie who served time in the penitentiary.

As Professor Irving Younger pointed out in his Ten Commandments of Cross Examination, cross is a blitzkrieg, not an invasion of Normandy. This is good trial tactics, but even more important, it spares the jury of extended, unnecessary questioning.

Plaintiff's objection to the summary of the case to be given in the opening instructions is overruled.

Cordially,

/s/ Billy Roy Wilson

Ex 1



Edington v. Sammons, 3:13-CV-00202, Opening Instructions and Voir Dire
Matt Morgan
to:
marcbaretz, wendell, chris
07/08/2014 11:11 AM
Cc:
Melanie Beard
Bcc:
Matt Morgan
Hide Details
From: Matt Morgan/ARED/08/USCOURTS
To: marcbaretz@aol.com, wendell@wendellhoskins.com, chris@wendellhoskins.com,

Cc: Melanie Beard/ARED/08/USCOURTS@USCOURTS
Bcc: Matt Morgan/ARED/08/USCOURTS
History: This message has been forwarded.

3 Attachments

  

civil voir dire.pdf 12-19-13 voir dire each juror.pdf 07-08-14 edington opening instructions civil.pdf

Dear Counsel:

This case is in the first out setting for 1:00 p.m., Monday, July 14, 2014.

**1. Opening Instructions** -- Attached is a draft of the opening instructions that I intend to give the jury. Please let me know (via email) by 5 p.m., Thursday, April 10, 2014 whether you see any errors or have objections to the attached opening instructions. Additionally, do both parties agree with the highlighted "summary of the case" in paragraph 1?

**2. Voir Dire** -- Also attached is the section of my notes dealing with voir dire and a list of questions he has each juror answer. You should review these documents before submitting additional voir dire questions. If you have voir dire in addition to what is on the attached that you would like me to ask, please provide it by the same deadline as above.

**3. Time Estimates** -- Page 4 of the December 4, 2013 Final Scheduling Order sets out, among other things, that Six "(6) weeks before trial I would like estimates of how long it will take for both direct and cross examination of the witnesses." It does not appear that this information was ever submitted. Accordingly, by noon, tomorrow, July 9, 2014, please provide me with your time estimates for each of your witnesses on direct and estimated time for cross of each of the opposing side's witnesses.

**4.** Have your clients considered the possible IRS implications with respect to the issues in this case. Please advise.

Cordially,

B.R. Wilson

Matt Morgan
Law Clerk to the Honorable Bill Wilson
Richard Sheppard Arnold Courthouse
600 West Capitol Ave, Rm. A403
Little Rock, AR 72201
501-604-5141

# LAW OFFICE OF MARC BARETZ

Licensed in Arkansas & Tennessee
110 Thompson Avenue
P.O. Box 1107
West Memphis, AR 72303
Tel 870.732.4102 Fax 870.732.4100
Email: marcbaretz@aol.com


July 10, 2014

VIA email: brwchambers@ared.uscourts.gov

The Honorable Billy Roy Wilson
United States District Court
Eastern District of Arkansas
500 W. Capitol, Room A403
Little Rock, AR 72201-3325

RE: Patricia Jane Edington v. Alexandra Jane Edington Sammons and Nathan Sammons
United States District Court, Eastern District of Arkansas, Jonesboro Division
Case No. 3:13-cv-00202-BRW

Dear Judge Wilson:

I have reviewed the opening instructions, which Plaintiff has no objection to save and except for the highlighted portion regarding the Statement of the Case. The problem Plaintiff sees with the proposed Statement of the Case is that it misleads the jury into believing that Alexandra Sammons always agreed that there was an agreement concerning the Jonesboro/Marion home swap when she consistently denied same, although she "dropped her guard" in the course of her deposition and admitted it.

For example, in Defendant Alexandra Sammons' Answers to Interrogatories filed on or about January 2, 2014, affirmed as her answers at her deposition taken on February 21, 2014 under oath and as specified at Interrogatory No. 2 that Alexandra Edington did not enter into a written or oral contract or agreement with Plaintiff with respect to the deeds (including the Marion and Jonesboro properties) referenced in Interrogatory No. 1. Answer: None. See Document 33-1.

While it is submitted that Alexandra dropped her guard when she testified in deposition that there was such an agreement at page 61, it is respectfully submitted Alexandra's first defense was there was no contract and continued to assert that position before the Court in Defendants' Memorandum Brief. In Defendants'

Memorandum Brief, Defendants, in their Motion for Summary Judgment, state at document 29, page 2, "Thus, even if the alleged agreement [the existence of which Alexandra emphatically denies] were enforceable and not barred by the statute of frauds, it is either fully satisfied..."

While the Court in its Order of Summary Judgment recognized the fallacy of such a position, it is asserted that Defendant Alexandra Sammons should not get a free pass at the trial as if she agreed there was an agreement, but only questioned its terms. It would be prejudicial to the Plaintiff, whose case rests in part on the lack of credibility of Defendant. The Court, by the proposed framing of the issues that we are only here to discern the terms and potential breach of the exact terms of the contract, does not accurately depict the case. Plaintiff requests the Court put in something to the effect that Alexandra denied there was a contract; however, the Court has ruled there is a contract, reserving the issue of what the exact terms of the contract are, either to pay the net proceeds or just the amount of the Jonesboro proceeds. This will allow Plaintiff to accurately set forth what has transpired in the litigation concerning Alexandra's sworn testimony. The Court has ruled that there was an agreement, but it is for the jury to determine whether or not the agreement was to pay the full net proceeds of the Marion property or the sum of $132,000 derived from the Jonesboro sale. A proposed Verdict Form is enclosed which covers this.

Therefore, Plaintiff asserts that the Statement of the Case in the highlighted segment should not be utilized without some modification to establish that Defendants have denied there was any agreement throughout the litigation of this case.

Sincerely,

Marc I. Baretz

enclosure
cc: Mr. Wendell Hoskins, II.
cc: Mr. Chris McMillin

**VERDICT FORM**

1. Do you find from a preponderance of the evidence that there was an agreement on the part of Patricia Jane Edington and Alexandra Jane Edington Sammons to convey the Jackson County farmland in exchange for payment of the farm rental income to Patricia Jane Edington during her lifetime?

ANSWER: ____________________

(Yes or No)

2. If you have answered Interrogatory No. 1 above "Yes," then answer this Interrogatory. State the amount of farm rental income currently owing Patricia Jane Edington.

ANSWER: ____________________

3. The Court has found that there was an agreement by Alexandra Jane Edington Sammons to pay Patricia Jane Edington some or all of the net proceeds from the sale of the Marion home in exchange for payment of the proceeds from the Jonesboro home to Alexandra Jane Edington Sammons by Patricia Jane Edington. Please state whether the agreement was to pay the net amount of the Marion proceeds or $132,000, the amount of the Jonesboro proceeds.

ANSWER: Net Amount _____ $132,000 _____

4. State the amount of payments you find Alexandra Jane Edington Sammons has proven she paid out of the Marion proceeds to or on behalf of Plaintiff Patricia Jane Edington.

ANSWER: ____________________

 Ex 2



**Re: Edington v. Sammons, 3:13-CV-00202, Opening Instructions and Voir Dire**

**Matt Morgan** to: chris, marcbaretz, wendell 07/08/2014 11:49 AM
Cc: Melanie Beard
Bcc: Matt Morgan

From: Matt Morgan/ARED/08/USCOURTS
To: chris@wendellhoskins.com, marcbaretz@aol.com, wendell@wendellhoskins.com,
Cc: Melanie Beard/ARED/08/USCOURTS@USCOURTS
Bcc: Matt Morgan/ARED/08/USCOURTS

Dear Counsel:

It appears that your time estimates total around 20 hours.

By noon, tomorrow, July 9, 2014, please provide me with your revised time estimates in light of the June 27, 2014 Order -- specifically, the second to last paragraph.

Cordially,

B.R. Wilson

Matt Morgan
Law Clerk to the Honorable Bill Wilson
Richard Sheppard Arnold Courthouse
600 West Capitol Ave, Rm. A403
Little Rock, AR 72201
501-604-5141

From: Melanie Beard/ARED/08/USCOURTS
To: Matt Morgan/ARED/08/USCOURTS@USCOURTS,
Cc: chris@wendellhoskins.com, marcbaretz@aol.com, wendell@wendellhoskins.com
Date: 07/08/2014 11:28 AM
Subject: Re: Edington v. Sammons, 3:13-CV-00202, Opening Instructions and Voir Dire

Matt, I have the estimates for witnesses. I overlooked them in error and will forward them now. I apologize for any inconvenience this may have caused regarding estimates. Thank you.

[attachment "Attachments to letter to Melody Beard 6.11.14.pdf" deleted by Matt Morgan/ARED/08/USCOURTS]

Melanie Beard

Law Office of
Wendell L. Hoskins II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830

Wendell L. Hoskins II [α γ δ]
Mary K. Walker [α δ]
Christopher McMillin [δ]
Michael S. Santschi [β]

[α] Also Admitted in Arkansas
[β] Also Admitted in Florida
[γ] Also Admitted in Mississippi
[δ] Also Admitted in Tennessee

Telephone (573) 333-2600
Fax (573) 333-2041
www.WendellHoskins.com

Arkansas Office:
118 West Walnut
Blytheville, Arkansas 72316

July 9, 2014

**VIA E-MAIL ONLY**
matt_morgan@ared.uscourts.gov

Matt Morgan, Esq.
Law Clerk to the Honorable Bill Wilson
Richard Sheppard Arnold Courthouse
600 West Capitol Ave, Rm. A403
Little Rock, AR 72201

Re: *Patricia Jane Edington vs. Alexandria Jane Edington Sammons, Nathan Sammons*
United States District Court, Eastern District of Arkansas, Jonesboro Division
Case No.: 3:13-cv-00202-BRW

Dear Matt:

In accordance with Judge Billy Roy Wilson's directive, please find Defendants' revised time estimates:

Direct Examination

Alexandra Sammons – Seventy Five (75) minutes
Nathan Sammons – Sixty (60) minutes
Kim Edington – Fifteen (15) minutes
Deb Edington – Fifteen (15) minutes
Mike Morgan – Fifteen (15) minutes
Sanda Greene – Fifteen (15) minutes
Mervat Wahba (Video Deposition)

Cross-Examination:

Patricia Edington-Seventy-five (75) minutes
Alexandra Sammons – Thirty (30) minutes
Nathan Sammons – Thirty (30) minutes
Kim Edington – Ten (10) minutes

Maghen Simmons – Ten (10) minutes
Bill Ball – Ten (10) minutes
Sanda Greene – Ten (10) minutes
Ryan Shelton – Ten (10) minutes
Jarrett Laughfield – Ten (10) minutes
Tim Johnson – Five (5) minutes
Greg Griffin – Five (5) minutes
Clerk, Crittenden County – Five (5) minutes
Clerk, Jackson County – Five (5) minutes
Mervat Wahba, M.D.-Inclusive

Thank you for your attention in this matter.

Sincerely,

Christopher McMillin
Chris@WendellHoskins.com

# LAW OFFICE OF MARC BARETZ

Licensed in Arkansas & Tennessee
110 Thompson Avenue
P.O. Box 1107
West Memphis, AR 72303
Tel 870.732.4102 Fax 870.732.4100
Email: marcbaretz@aol.com


July 9, 2014 VIA email: brwchambers@ared.uscourts.gov

The Honorable Billy Roy Wilson
United States District Court
Eastern District of Arkansas
500 W. Capitol, Room A403
Little Rock, AR 72201-3325

RE: Patricia Jane Edington v. Alexandra Jane Edington Sammons and Nathan Sammons
United States District Court, Eastern District of Arkansas, Jonesboro Division
Case No. 3:13-cv-00202-BRW

Dear Judge Wilson:

Plaintiff anticipates the following revised estimations of time necessary to conduct direct examination of her witnesses:

| Witness | Time |
|---|---|
| 1. Patricia Jane Edington | One Hundred Twenty (120) minutes |
| 2. Alexandra Sammons | Forty-five (45) minutes |
| 3. Nathan Sammons | Twenty (20) minutes |
| 4. Kimberly Edington | Twenty (20) minutes |
| 5. Maghen Simmons | Fifteen (15) minutes |
| 6. Sandra Greene | Fifteen (15) minutes |
| 7. Bill Ball | Ten (10) minutes |
| 8. Clerk or Deputy Clerk of Crittenden County | Five (5) minutes |
| 9. Clerk of Deputy Clerk of Jackson County | Five (5) minutes |
| 10. Dr. Mervat Wahba (video deposition to be played) | Sixty (60) minutes (includes direct and cross examinations) |
| 11. Ryan Shelton | Ten (10) minutes |

Plaintiff may utilize some of the witnesses in rebuttal.

Plaintiff anticipates the following revised estimations of time necessary to conduct cross-examination of Defendants' witnesses:

1. Alexandra Sammons — Thirty (30) minutes
2. Nathan Sammons — Fifteen (15) minutes
3. Kim Edington — Ten (10) minutes
4. Debbie Edington — Ten (10) minutes
5. Mike Morgan — Five (5) minutes
6. Sanda Greene — Fifteen (15) minutes

Sincerely,

Marc I. Baretz

cc: Mr. Wendell Hoskins, II.
cc: Mr. Chris McMillin