**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**PATRICIA JANE EDINGTON**                                                    **PLAINTIFF**

**VS.**                                          **3:13-CV-00202-BRW**

**ALEXANDRA JANE EDINGTON**
**SAMMONS**                                                                    **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Judgment as a Matter of Law or, in the Alternative,

New Trial (Doc. No. 85). Plaintiff has responded.[1]  As set out below, the motion is DENIED.

**I.      BACKGROUND**

This case involves a dispute over two alleged oral agreements between a mother

(Plaintiff Patricia Jane Edington), daughter (Defendant Alexandra Edington Sammons), and

father/husband (Jerry Edington, Sr., deceased).  The agreements involve three different Arkansas

properties: a home in Jonesboro, a home in Marion, and farmland in Jackson County.

The first alleged agreement is that Plaintiff agreed that, when she sold her home in

Jonesboro (where Defendant lived), the proceeds would go to Defendant.  In return, Defendant

agreed that, when she sold the home in Marion (where Plaintiff lived off and on), the proceeds

would go to Plaintiff.  The second alleged agreement relates to a decision to put Plaintiff's

farmland in Defendant's name, with the understanding that Plaintiff would continue to receive

the rental income from the property for the remainder of her life.

After a two day trial, the jury found that Plaintiff proved by the greater weight of the

evidence that she "retained a life estate in the rent proceeds from the Jackson County farmland"

---

[1]Doc. No. 89.

and that Plaintiff and Defendant "entered into a contract regarding the sale of the Jonesboro and Marion houses."[2]

## II.      DISCUSSION

### A.      Judgment as a Matter of Law

Defendant asserts that she is entitled to Judgment as a Matter as a matter of law because "[n]o reasonable jury could have found a meeting of the minds, and from there a contract . . . where Plaintiff cannot even clearly state her own perceptions of the purported contracts."[3]

When considering a motion for judgment as a matter of law, I must "view[] the evidence in the light most favorable to the prevailing party and mak[e] all reasonable inferences in favor of the jury's verdict."[4]  "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party."[5]

After hearing the evidence at trial and, as it relates to this issue, viewing it in a light most favorable to Plaintiff, it cannot be said that no reasonable jury could have found for the nonmoving party.  Though some of the "facts" are blurry, there was enough evidence for the jury to determine that a contract existed.  Accordingly, Defendant's Motion for Judgment as a Matter of Law is DENIED.

### B.      New Trial

Defendant contends that she is entitled to a new trial because: (1) Plaintiff's counsel misquoted her deposition in opening statement; (2) Plaintiff's testimony violated the order on

---

[2]Doc. No. 74.

[3]Doc. No. 86.

[4]*In re Prempro Products Liability (Scroggin v. Wyeth)*, 586 F.3d 547, 568-69 (8th Cir. 2009) (citations omitted).

[5]*Id.* at 569.

motions in limine; (3) Plaintiff rambled and was coached by her lawyer; and (4) during closing Plaintiff's counsel implied that Defendant did not call a witness because his testimony would not have been consistent with her position.

A motion for a new trial should be granted only when it is "necessary to prevent a miscarriage of justice."[6]  None of the arguments mentioned below reflect a miscarriage of justice.

### 1.      Opening Statement

"In his opening statement Plaintiff's counsel pulled out a copy of Defendant Sammons's discovery deposition in view of the jury, and over repeated objection by defense counsel, paraphrased garbled passages from it, pretending that he was quoting her verbatim."[7]  Defendant correctly points out that during opening some of counsel's statement were verbatim from the deposition and others were paraphrased; but, there is no prejudice.  First, opening statements are not evidence.  Second, Defendant had the chance to clear up any misstatements during the trial.

### 2.      Motions in Limine

Defendant argues that Plaintiff violated several rulings on motions in limine by mentioning her financial status and that she inherited the farmland.  According to Defendant "Plaintiff interjected these non-issues and unfairly but successfully stoked the jury's sense of pity and filial devotion, leading it to declare the existence of a contract where the evidence reflected none was formed."[8]

---

[6]*Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 462 (8th Cir. 2013).

[7]Doc. No. 86.

[8]*Id.*

Defendant correctly points out that Plaintiff testified about her financial status when she mentioned having to sell her belongings and living on a fixed income.  However, counsel did not object during the trial.  A contemporaneous objection is required.[9]

Plaintiff also mentioned that she inherited the farmland from her father.  Defendant objected, mentioned at a side bar that the testimony was in violation of the motion in limine order, and asked that the testimony be stricken.  I overruled the request.

A violation of a motion in limine may warrant a new trial when "the violation has prejudiced the parties or denied them a fair trial."[10]  "Prejudicial error is error which in all probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it."[11]  This violation was not substantial, and I do not believe it weight heavily with the jury -- no substantial rights were adversely affected.

### 3.    Plaintiff's Testimony and Coaching

According to Defendant, "Plaintiff's testimony throughout trial was evasive and incoherent to the point of being non-responsive" and she was coached during a break.

Regarding coaching, it is not "inherently unethical for a lawyer to speak to a witness once the witness has begun to testify."[12]  Additionally, Defendant has presented no evidence showing how she was prejudiced by Plaintiff's counsel's alleged attempt to coach her regarding responses to questions about the tax information.  Finally, I allowed Defendant to make her coaching

---

[9]Fed. R. Evidence 103.

[10]*Pullman v. Land O'Lakes, Inc.*, 262 F.3d 759, 762 (8th Cir. 2001).

[11]*Id.*

[12]*U.S. v. Calderin-Rodriguez*, 244 F.3d 977, 985 (8th Cir. 2011).

objection in front of the jury, which means the jury had the chance to determine how much weight to give the testimony.

As for Plaintiff's testimony at trial, I agree that keeping Plaintiff on-point was challenging.  When requested, and sometimes even when not, I advised Plaintiff to listen to the question and answer it succinctly.  However, I do not believe that Plaintiff's wandering testimony resulted in miscarriage of justice for Defendant.

### 4.      Closing

Defendant point out that during closing argument rebuttal Plaintiff's counsel stated that Defendant was "supposed to call" the notary who was there when the farmland was conveyed, but did not because "he wasn't going to say what they wanted."

Improper statements in closing warrant a new trial "only if the statements are plainly unwarranted and clearly injurious and cause prejudice to the opposing party and unfairly influence a jury's verdict."[13]  That's not the case here.

Even assuming this statement was improper (I don't think it was), it was harmless.  When counsel stated that the witness "wasn't going to say what [Defendant] wanted," he was referring to whether Defendant was present when the deed was notarized.  Plaintiff says Defendant was not there and Defendant says that she was there.  This disputed fact is irrelevant, since neither side contends that the terms of the oral agreement and conveyance were discussed in front of the notary.

---

[13]*Harrison v. Purdy Bros. Trucking Co., Inc.*, 312 F.3d 346, 351 (8th Cir. 2002) (internal quotes and citations omitted).

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant's Motion for

Judgment as a Matter of Law or, in the Alternative, New Trial (Doc. No. 85) is DENIED.

IT SO ORDERED this 11th day of September, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE