**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**PATRICIA JANE EDINGTON**                                                                              **PLAINTIFF**

**VS.**                                              **3:13-CV-00202-BRW**

**ALEXANDRA JANE EDINGTON SAMMONS**                                              **DEFENDANT**

**ORDER**

As set out below, Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 92) is GRANTED in PART and DENIED in PART.

**1.      Attorney's Fees**

Plaintiff's request for attorney's fees will be reduced for several reasons.  First, Plaintiff's request for a total of $117,062.00 is too much for a simple contract case.  Second, Plaintiff's hourly rate of $250 an hour is too high.  Third, Plaintiff asserted numerous causes of action -- conversion, recission, outrage, fraud, constructive fraud, promissory and equitable estoppel, breach of trust, breach of fiduciary, relationship, undue influence, duress, interference with business expectancy and economic relationship -- all of which were dismissed.  She was only successful on the breach of contract claims, and even then, only partially successful, since she did not recover the full amount requested.  Fourth, as counsel points out in his brief, the excessive hours were the result of a "difficult Plaintiff to deal with . . . . She would call frequently trying to seek updates and re-hash issues."[1]  The extra time spent with a difficult client shouldn't be charged to the opposing party.  Fifth, the pleadings and arguments were excessive and repetitious.  In light of the above and considering the record as a whole, I believe that $25,000 is a reasonable attorney fee in this case.

---

[1] Doc. No. 92-1.

**2.      Costs**

Plaintiff's seek $2,665.57 in costs.  Under 28 U.S.C. § 1920 a court may award costs to the prevailing party on several specific items listed in the statute.  Yet, Plaintiff seeks reimbursement for several items that are not recoverable under the statute -- for example, process server ($150);[2] postage to process server ($2.70); lawyer's mileage to and from trial ($210.90); and postage ($1.52).[3]  Plaintiff also requests $255.00 for "Copies" but does not mention the number of pages, page rate, what was copied, or how the copies were "necessarily obtained for use in the case."[4]  This is insufficient for recovery.  After subtracting the above requested costs, Plaintiff is entitled to $2,045.45 in costs.[5]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff is entitled to $25,000 in attorney's fees and $2,045.45 in costs from Defendant.

IT IS SO ORDERED this 25th day of September, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[2]*Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (holding that party could not "recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.").

[3]*Smith v. Tenet healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (finding that § 1920 does not authorize taxing for postage and delivery expenses).

[4]28 U.S.C. § 1920(4).

[5]This total is from filing fees ($180); court reporters ($1,775.45); and witness fee ($90).